**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-_____

UNITED STATES OF AMERICA,

     Plaintiff,

v.

THE DURANGO & SILVERTON NARROW GAUGE RAILROAD COMPANY,
a Colorado Corporation, and
AMERICAN HERITAGE RAILWAYS, INC., a Florida Corporation,

     Defendants.

---

## COMPLAINT

---

Plaintiff United States of America, by and through the United States Attorney for the

District of Colorado, files this Complaint against Defendants the Durango & Silverton Narrow

Gauge Railroad Company ("D&SNGRC") and American Heritage Railways, Inc. ("AHR")

(collectively, "D&S Railroad," or "Defendants"), and hereby alleges as follows:

### NATURE OF THE CASE

1.     This is a civil action to recover monetary damages incurred by the United States

in connection with the "416 Fire," a wildland fire that burned for approximately six months

across more than 53,000 acres of the San Juan National Forest near Durango, Colorado.  The

416 Fire ignited on the morning of June 1, 2018, adjacent to a railroad track on which

Defendants operated and maintained a narrow gauge railroad line traveling between Durango,

Colorado and Silverton, Colorado.   Federal fire investigators have determined that the 416 Fire

was ignited by particles emitted from an exhaust stack on a coal-burning, steam train engine

owned and operated by Defendants.  The United States suffered significant damages, including

expenses in its efforts to suppress the 416 Fire and to rehabilitate the public lands damaged by

the 416 Fire, a rehabilitation process that still continues.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) because Defendants are

located in Colorado and the events giving rise to this action occurred in Colorado.

## PARTIES

4.      Plaintiff is the United States of America.  As sovereign, the United States owns

San Juan National Forest lands that are under the control and supervision of the United States

Department of Agriculture, Forest Service.

5.      Defendant AHR is a foreign corporation organized under Florida law, with its

principal place of business located at 479 Main Avenue, Durango, CO 81301.  AHR operates a

number of railroads.  Upon information and belief, at all relevant times, Defendant AHR owned

Defendant D&SNGRC and operated the Durango & Silverton Narrow Gauge Railroad.

6.      Defendant D&SNGRC is a corporation organized under Colorado law, with its

principal place of business located at 479 Main Avenue, Durango, CO 81301.  At all relevant

times, Defendant D&SNGRC operated the Durango & Silverton Narrow Gauge Railroad.

## DEFENDANTS' RAILROAD OPERATIONS

7.      Defendants operate and maintain a narrow gauge railroad along the Animas River

between Durango, Colorado and Silverton, Colorado, a distance of approximately 41 miles.

8.      Defendants operate a passenger train service along this railroad track, and sell tickets to the public for profit in exchange for providing this service.

9.      Defendants operate this service on and adjacent to public lands owned by the United States and administered by the U.S. Forest Service as part of the National Forest System.

10.      Defendants have been granted the right to conduct its railroad operations on public lands pursuant to a right-of-way from three sources:

a.      Defendants' predecessor, the Denver & Rio Grande Railroad ("D&RGR"), obtained a right-of-way pursuant to: (1) a private Act of Congress in 1872 (17 Stats. 339, granting a right-of-way through the public lands to the D&RGR, provided that it complete construction to Santa Fe within five years, a condition that the D&RGR failed to meet); (2) a statute enacted in 1875 (43 U.S.C. § 934, granting a right-of-way through the public lands to any duly organized railroad that filed copies of its articles of incorporation with the Secretary of the Interior); and (3) another private Act of Congress in 1877 (19 Stats. 405, extending the D&RGR's time to complete its construction to Santa Fe by an additional five years).  D&RGR perfected its right-of-way for the Durango to Silverton line in 1882, when it completed construction of that line.

b.      Another of Defendants' predecessors, the Denver & Rio Grande Western Railroad ("D&RGW"), obtained a right-of-way for a track realignment and new bridge within the San Juan National Forest in 1965, by grant of the Bureau of Land Management pursuant to 43 U.S.C § 934.

c.      D&SNGRC obtained a permit to build and use a turnaround wye on San Juan National Forest land in 1981, pursuant to a Special Use Permit issued by the Forest Service. In 1991, the Forest Service extended the Special Use Permit through December 31, 2000.  In

1999, it was issued again, and amended in 2004.  The current permit expires on December 31, 2030.

11.    The majority of the right of way, about 21 miles, crosses the San Juan National Forest, where it bisects the Weminuche Wilderness Area.  For an additional three miles, the right-of-way crosses other public lands administered by the Department of Interior, Bureau of Land Management ("BLM").  The remainder of the right of way, about 13 miles, crosses privately-owned land.

12.    The primary attraction for tourists riding Defendants' railroad is the spectacular scenery that they can enjoy as the train passes through the San Juan National Forest and other public lands.

13.    Defendants utilize two kinds of locomotives: antique, coal-burning, steam-operated locomotives, and diesel-powered locomotives.  Defendants predominantly use their coal-burning, steam-operated locomotives to power passenger trains between Durango and Silverton.

14.    Defendants' coal-burning steam engines commonly cast off burning cinders and other hot materials, and, particularly under dry conditions, pose an extremely high risk of fire.

15.    On the locomotive engine that started the 416 Fire, Defendants had placed a metal screen over the exhaust stack to capture some portion of the burning exhaust particles.  However, this metal screen did not prevent all burning materials from exiting the exhaust stack into the air and then landing onto the adjacent ground.

16.    The ground immediately adjacent to Defendants' railroad track where the 416 Fire ignited is covered with brush and trees, which require regular fire mitigation and fuel reduction maintenance to reduce the potential risk of fire.

4

17.     Defendants' train operations along its Durango-to-Silverton railroad track has previously caused wildfires requiring deployment of federal fire-fighting resources, incurring fire suppression costs.  Examples of fires previously started by Defendants include: the 2012 Goblin Fire (1,000 acres burned); the 2012 Needleton Fire (6 acres burned); the 2002 Schaff II Fire (550 acres burned); and the 1994 Mitchell Lakes Fire (270 acres burned).

18.     During the month or months before the June 1, 2018, ignition of the 416 Fire, Defendants' coal-burning steam locomotives had ignited multiple fires along its Durango-to-Silverton railroad track.

## THE 416 FIRE

19.     The 416 Fire began on June 1, 2018, at approximately 9:53 a.m., when one of Defendants' coal-fired steam trains, bound from Durango to Silverton, was passing through the San Juan National Forest lands at a location called Shalona Hill, which is adjacent to a private residential subdivision called Irongate Way.

20.     Evidence indicates that the coal-fired steam locomotive cast off one or more burning cinders or other hot material, and ignited a small brush fire next to Defendant's railroad track on National Forest land.

21.     Fire investigators located the origin of the fire as next to the railroad track.

22.     Federal fire investigators found a collection of numerous, extinguished embers, cinders and ash particles on the ground adjacent to the railroad track, including at the specific point of fire origin.

23.     Multiple eyewitness statements verify that the fire ignited adjacent to the track immediately after one of Defendants' coal-fire steam locomotives passed the origin point.

24.     The Forest Service and other agencies promptly mobilized fire suppression efforts

on the day the 416 Fire ignited.

25.     The fire spread across the San Juan National Forest, and ultimately burned over 53,000 acres of National Forest land.

26.     Firefighters did not declare the 416 Fire extinguished until November 29, 2018.

## FIRST CLAIM FOR RELIEF

### (Strict Liability Under Col. Rev. Stat. § 40-30-103)

27.     The United States incorporates each of the allegations contained in paragraphs 1 through 26 as if they were set forth fully herein.

28.     Colorado Revised Statute § 40-30-103 provides in pertinent part as follows: "Every railroad company operating its line of road, or any part thereof, within this state shall be liable for all damages by fires that are set out or caused by operating any such line of road, or any part thereof, in this state, whether negligently or otherwise."

29.     Defendants AHR and D&SNGRC are railroad companies operating a line of road in the State of Colorado.

30.     On June 1, 2018, as a result of operating a railroad within the State of Colorado, Defendants caused a fire which resulted in damages to the United States, including fire suppression and rehabilitation costs.

31.     Pursuant to Colorado Revised Statutes § 40-30-103, Defendants are strictly liable to the United States for damages suffered as a result of the 416 Fire, including fire suppression and rehabilitation costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States of America prays for judgment as follows:

32.     Damages in an amount to be determined at trial;

33.     Pre-judgment interest, administrative costs, and penalties pursuant to 31 U.S.C. §

3717 and 43 C.F.R. § 2808.11;

34.     Post-judgment interest at the statutory rate;

35.     Pursuant to 28 U.S.C. § 2412, award of costs and attorney's fees;

36.     Such other and further relief as the Court may deem just and proper.

### JURY DEMAND

37.     The United States requests a trial by jury on all issues so triable.

DATED July 2, 2019.

Respectfully submitted,

JASON R. DUNN
United States Attorney

By:     s/ Jacob Licht
        *Jacob Licht*
        *Katherine A. Ross*
        Assistant United States Attorneys
        1801 California Street, 16th Floor
        Denver, CO 80202
        Telephone: (303) 454-0100
        Facsimile: (303) 454-0408
        E-mail: Jacob.Licht-Steenfat@usdoj.gov
        E-mail: Katherine.Ross@usdoj.gov
        Counsel for the United States of America