**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 19-cv-01913-REB-NRN

UNITED STATES OF AMERICA

      Plaintiff,

vs.

THE DURANGO & SILVERTON NARROW GAUGE RAILROAD COMPANY,
a Colorado Corporation, and
AMERICAN HERITAGE RAILWAYS, INC., a Florida Corporation,

      Defendants.

**ORDER DENYING DEFENDANTS' MOTION FOR ISSUANCE
OF CERTIFIED QUESTIONS TO THE COLORADO SUPREME COURT
AND MOTION FOR LEAVE TO SUBMIT AMICUS BRIEF**

**Blackburn, J.**

The matters before me are (1) **Defendants' Motion for Issuance of Certified Questions to the Colorado Supreme Court Pursuant to C.A.R. 21.1** [#30],[1] filed November 20, 2019; and (2) a **Motion for Leave To Submit Amicus Brief** [#31], filed November 25, 2019, by the plaintiffs in a Colorado state court case arising from the same series of events that give rise to this lawsuit. Having considered carefully the motions, the related responses and replies, the record, and the apposite law, I deny the motion to certify questions and deny as moot the motion to file an amicus brief in support of that motion.

---

[1] "[#30]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Plaintiff's complaint alleges the following facts. Defendants operate and maintain a narrow gauge railroad along the Animas River between Durango and Silverton, Colorado. The railway lies on and adjacent to federal lands owned by the United States and operates over a right-of-way, the majority of which passes through the San Juan National Forest. Along the 41-mile Durango-to-Silverton route, defendants operate, *inter alia*, coal-powered steam locomotives as passenger trains.

Plaintiff alleges that on the morning of June 1, 2018, one of defendants' coal-burning steam engines cast off one or more burning cinders or other hot materials from its exhaust stack as it passed through San Juan National Forest lands. These materials allegedly ignited a small brush fire adjacent to the track. Although the Forest Service and other agencies mobilized fire suppression efforts that very day, the fire ultimately spread across the Forest, ultimately burning more than 53,00 acres of land.

Plaintiff seeks to recover from defendants more than $30 million in damages under §40-30-103, C.R.S (the "Railroad Statute"), which makes railroad companies strictly liable "for all damages by fires that are set out or caused by operating" the railroad. The overwhelming majority of the damages sought are related to costs incurred by the Forest Service and the Bureau of Land Management in fighting and suppressing the fire. Defendants filed a motion to dismiss this aspect of plaintiff's claim for damages ([#8], filed September 9, 2019). In belt-and-suspenders fashion, defendants also filed the instant motion, seeking to certify questions to the Colorado Supreme Court.

In a diversity case such as this one, the court's task is to "ascertain and apply state law" by following the most recent decisions of the state's highest court. ***Wade v.***

***EMCASCO, Inc.***, 483 F.3d 657, 665-66 (10th Cir. 2007) (citation and internal quotation marks omitted).  In the absence of controlling precedent, the court must attempt to predict what the state's high court would do.  ***Id.***  That determination may be informed by decisions of the state's lower courts, interpretations of similar legal principles in other states, decisions of the federal district courts regarding state law, and "the general weight and trend of authority in the relevant area of law."  ***Id.*** at 666 (citation and internal quotation marks omitted).  "[I]t has from the first been deemed to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment."  ***Copier By & Through Lindsey v. Smith & Wesson Corp.***, 138 F.3d 833, 838 (10th Cir. 1998) (quoting ***Meredith v. City of Winter Haven***, 320 U.S. 228, 234, 64 S.Ct. 7, 11, 88 L.Ed. 9 (1943)) (internal quotation marks omitted). The court thus has "a duty to decide questions of state law even if difficult or uncertain."  ***Anderson Living Trust v. Energen Resources Corp.***, 886 F.3d 826, 839 (10th Cir. 2018) (citation and internal quotation marks omitted).

  Nevertheless, when a question of state law is "both determinative of the case" and "sufficiently novel that [the court] feel[s] uncomfortable attempting to decide it without further guidance," it may certify the question to the state Supreme Court.  ***Pino v. United States***, 507 F.3d 1233, 1236 (10th Cir. 2007), ***certified question answered***, 123 P.3d 1001 (Okla. 2008), ***answer conformed to***, 273 Fed. Appx. 732 (10th Cir. April 8, 2008).  ***See*** **C.A.R.** 21.1(a) (Colorado Supreme Court "may answer questions of law" posed by federal court "which may be determinative of the cause then pending in the

certifying court and as to which it appears to the certifying court that there is no controlling precedent in the decisions of the supreme court"). The court has broad discretion in determining whether to certify a question. ***Lehman Brothers v. Schein***, 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974); ***Anderson Living Trust***, 886 F.3d at 839. That discretion is guided by whether certification will "'save[] time, energy, and resources, and help[] build a cooperative judicial federalism.'" ***Boyd Rosene and Associates v. Kansas Municipal Gas Agency***, 178 F.3d 1363, 1365 (10th Cir.1999) (quoting ***Lehman Brothers***, 94 S.Ct. at 1744).

Although available, certification should be used sparingly. "Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." ***Armijo v. Ex Cam, Inc.***, 843 F.2d 406, 407 (10th Cir. 1988). The Tenth Circuit cautions courts not to "trouble our sister state courts every time an arguably unsettled question of state law comes across our desks." ***Pino***, 507 F.3d at 1236. If the court can discern "a reasonably clear and principled course," it should "seek to follow it." ***Id.***

Such is the case here. It is true that the question presented in this case – whether a landowner can recover fire suppression costs under the Railroad Statute[2] – is unsettled. Resolution of that question lies in interpretation of a statute that was first enacted in the late 19th century and last amended in 1903. Much of the caselaw interpreting it is more than a hundred years old.

---

[2] Even if I did believe certification to be appropriate, I would not certify the questions defendants have presented, which are not limited to the discrete and narrow issue presented in this case.

Nevertheless, at base, this case entails a question of statutory interpretation. Although the answer may not be entirely straightforward, it is guided by well-established principles of construction with which the court is familiar. The parties have fully and cogently addressed the relevant issues and authorities in their briefing on the motion to dismiss, and the magistrate judge has issued a thoughtful recommendation distilling and analyzing these arguments and authorities. Defendants' objections to the recommendation and plaintiff's response to those objections further edify and illuminate the relevant issues confronting the court.

Based on this body of accumulated scholarship and analysis, I believe there is a "reasonably clear and principled course" to be discerned from the existing precedents and authorities. Thus, I find and conclude that even if the Colorado Supreme Court would deign to answer a certified question, which it is not required to do, certification in these circumstances would "entail[] more delay and expense than would an ordinary decision of the state question on the merits by the federal court." **Lehman Brothers**, 94 S.Ct. at 1746 (Rehnquist, J., concurring). Accordingly, I exercise my discretion to deny defendants' motion. My ruling in that regard moots consideration of the motion to file an amicus brief, which will be denied on that basis.[3]

**THEREFORE, IT IS ORDERED** as follows:

---

[3] I note that I would deny the motion to file an amicus brief on the merits as well. Of the factors which courts have found instructive in guiding their broad discretion to grant or deny such a motion, none weigh in favor of granting the motion here. ***See Medina v. Catholic Health Initiatives***, 2015 WL 13683647 at *1 (D. Colo. Oct. 7, 2015). In particular, despite their protestations to the contrary, the proposed amici are not disinterested parties. Moreover, defendants here are ably represented by their counsel and thus do not require the assistance amici would offer. ***See id.***

1.  That **Defendants' Motion for Issuance of Certified Questions to the Colorado Supreme Court Pursuant to C.A.R. 21.1** [#30], filed November 20, 2019, is denied; and

2.  That the **Motion for Leave To Submit Amicus Brief** [#31], filed November 25, 2019, is denied as moot.

Dated June 1, 2020, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge