## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 19-cv-01913-REB-NRN

UNITED STATES OF AMERICA

       Plaintiff,

vs.

THE DURANGO & SILVERTON NARROW GAUGE RAILROAD COMPANY,
a Colorado Corporation, and
AMERICAN HERITAGE RAILWAYS, INC., a Florida Corporation,

       Defendants.

---

## ORDER DENYING MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT BENJAMIN LEACH PURSUANT TO FED. R. EVID. 702, 703, AND *DAUBERT*

---

**Blackburn, J.**

The matters before me are (1) defendants' **Motion To Exclude Expert Testimony of Plaintiff's Expert Benjamin Leach Pursuant to Fed. R. Evid. 702, 703, and *Daubert*** [#186],[1] filed June 29, 2021; and (2) **Defendants' Unopposed Motion for Leave To File Motion Pursuant to Fed. R. Evid. 702, 703, and *Daubert*** [#185], filed June 29, 2021.  I grant the motion for leave to file the motion to exclude the expert's testimony, but deny the motion to exclude itself.[2]

---

[1] "[#186]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

[2] The issues raised by and inherent to the motion to exclude the expert's testimony are fully and adequately briefed.  No purpose would be served in conducting a hearing on these matters, and I therefore deny defendants' request for same.

# I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1345 (original jurisdiction of all civil actions, suits, or proceedings commenced by the United States).

# II.  STANDARD OF REVIEW

Defendants' substantive motion implicates Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert witness testimony.  The rule provides that

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.  As interpreted by the Supreme Court, Rule 702 requires an expert's testimony be both reliable, in that the witness is qualified to testify regarding the subject, and relevant, in that the testimony will assist the trier in determining a fact in issue. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-92, 113 S.Ct. 2786, 2795-96, 125 L.Ed.2d 469 (1993); *Truck Insurance Exchange v. MagneTek, Inc.,* 360 F.3d 1206, 1210 (10th Cir. 2004).  The Supreme Court has described the court's role in weighing expert opinions against these standards as that of a "gatekeeper."  *See*

*Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 142 L.Ed.2d 248 (1999).

An expert may be qualified by "knowledge, skill, experience, training, or education" to offer an opinion on an issue relevant to the case.  FED. R. EVID. 702(a). *See also 103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006).  An expert opinion is reliable when it is based on sufficient facts or data, employs a methodology generally deemed reliable in the expert's field, and properly applies such methods to the facts of the case.  *See* FED. R. EVID. 702(b), (c), & (d); *United States v. Crabbe*, 556 F.Supp.2d 1217, 1222-23 (D. Colo. 2008).

Guided by these principles, the trial court has broad discretion in determining whether expert testimony is sufficiently reliable and relevant to be admissible.  *Truck Insurance Exchange*, 360 F.3d at 1210; *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1243 (10th Cir. 2000).  The overarching purpose of the court's inquiry is "to make certain that the expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Goebel v. Denver and Rio Grand Western Railroad Co.*, 346 F.3d 987, 992 (10th Cir. 2003) (quoting *Kumho Tire*, 119 S.Ct. at 1176) (internal quotation marks omitted).  Generally, "rejection of expert testimony is the exception rather than the rule." *United States v. Nacchio*, 519 F.3d 1140, 1154 (10th Cir. 2008), *vacated in part on rehearing en banc*, 555 F.3d 1234 (10th Cir. 2009).  *See also* FED. R. EVID. 702 (2000 Advisory Comm. Notes).  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  *Daubert*, 113 S.Ct. at 2798.

## III.  ANALYSIS

For a period of six months in the summer and early fall of 2018, a wildfire burned in the San Juan National Forest, ultimately consuming more than 53,000 acres.  The federal government brings this suit to attempt to recover its costs in fighting the fire, which it alleges originated when hot materials escaped from a coal-burning steam engine operated by defendants.

In support of its case, the government has designated the lead fire investigator, Special Agent Benjamin Leach of the United States Forest Service, to testify regarding the origin and cause of the fire.  Defendants maintain Special Agent Leach's testimony should be excluded because he purportedly did not author the report concerning the origin and cause of the fire and is not qualified in any event to offer opinions on those matters.  Addressing these arguments in reverse order, I find neither has merit.

The suggestion that Special Agent Leach is unqualified to testify in this matter is easily dismissed.  His *curriculum vitae* (***see* Motion App.**, Exh. B), as supplemented by his declaration (***see* Gov't Resp. App.**, Exh. 2), amply establish his qualifications to testify as to his investigation into the origin and cause of the fire.[3]  I reject defendants' suggestion – made only in their reply brief – that the failure to disclose these matters previously should bar the government from establishing Special Agent Leach's credentials in response to this motion.  Because Special Agent Leach was designated as a non-retained expert (***see* Motion App.**, Exh. E), the government was required to disclose only the subject matter on which he was expected to testify and the facts and

---

[3]  The particulars of Special Agent Leach's qualifications are fully set forth in the **United States Response to Motion To Exclude Testimony of Expert Ben Leach Pursuant to Rules 702 and 703** at 6-11 ([#198], filed July 28, 2021), which I adopt and incorporate by reference as if fully set forth herein.

opinions he was expected to present.  **FED. R. CIV. P.** 26(a)(2)(C).  If defendants
believed this disclosure to be inadequate, the proper course would have been to file a
motion seeking exclusion under Rule 37(c)(1), not Rule 702.[4]

Because Special Agent Leach is eminently qualified to testify as an expert
regarding the origin and cause of the fire, defendants' remaining argument also fails.
Special Agent Leach was designated as the lead fire investigator on this matter from the
outset.  In addition to his own investigative efforts, he compiled data and information
gathered by others to author a final Report of Investigation ("ROI") in September 2018.
(*See* **Motion App.**, Exh. F; **Resp. App.** Exh. B ¶¶ 10-12 at 3.)  Attached thereto were
eighteen exhibits.  Exhibit 1 was a "Wildland Fire Origin and Cause Supplemental
Incident Report" (the "O&C Report"), United States Forest Service Form FS-5300-45, to
which were appended numerous exhibits.  That report was compiled by the first
responders on the scene on the day the fire started, fire investigator Shawn Brandow
and Stefan Armenta, who was then in training as a fire investigator.

Defendants object that Special Agent Leach cannot testify as to the contents of
the O&C Report because he did not conduct the investigation which led to it or prepare
that particular report himself.  Their argument reflects a profound  misunderstanding of

---

[4]  In their reply brief, defendants suggest the government has treated Special Agent Leach as a
retained expert in connection with its claims of attorney-client and work product privilege as to certain
documents in dispute in this case, and thus should have substantiated his qualifications more fulsomely
before now.  Because this argument was raised for the first time in a reply brief, the court need not
consider it at all.  *See Cahill v. American Family Mutual Insurance Co.*, 610 F.3d 1235, 1239 (10th Cir.
2010); *Ulibarri v. City & County of Denver*, 742 F.Supp.2d 1192, 1218 (D. Colo. 2010).  The argument is
insufficiently substantiated in any event.  The privilege dispute has been submitted to a Special Master,
who has not yet ruled on the matter.  The docket does not reflect a transcript of the proceedings before the
Special Master or a record of any written submissions presented to him in relation to this dispute, and the
court is not otherwise privy to these proceedings.  Moreover, the arguments defendants attribute to the
government which allegedly prove the inconsistency of its position are not substantiated by the document
they reference.  In short, the information presently before the court – even if it had been properly
presented – is inadequate to make a determination on the issue.

the rules of evidence governing expert testimony.[5]  Rule 703 of the Federal Rules of

Evidence plainly provides that an expert's opinion may be based on facts or data which

need not themselves be admissible in evidence "[i]f experts in the particular field would

reasonably rely on those kinds of facts or data in forming an opinion on the subject."

FED. R. EVID. 703.  As the lead investigator in the case, Special Agent Leach certainly

could be expected to have assistants, on whose work he could be expected to rely.

*See Dura Automotive Systems of Ind., Inc. v. CTS Corp.*, 285 F.3d 609, 612 (7th Cir.

2002); *Bridgeway Church, Inc. v. Church Mutual Insurance Co.*, 2015 WL 13548989

at *3 & n.4 (W.D. Okla. Feb. 6, 2015); *Stephenson v. Honeywell International, Inc.*,

703 F.Supp 2d 1250, 1255 (D. Kan. 2010); *Vision I Homeowners Association, Inc. v.*

*Aspen Specialty Insurance Co.*, 2009 WL 5103606 at *2 (S.D. Fla. Dec. 28, 2009);

*McReynolds v. Sodexho Marriot Services, Inc.*, 349 F.Supp.2d 30, 36 (D.D.C. 2004);

*Astra Aktiebolag v. Andrx Pharmaceuticals, Inc.*, 222 F.Supp.2d 423, 492 (S.D.N.Y.

2002), *aff'd*, 84 Fed. Appx. 76 (Fed. Cir., Dec. 11, 2003).  Nothing in defendants'

motion suggests that Special Agent Leach's reliance on these reports was

unreasonable or that experts in his field do not regularly rely on the work of trained

subordinates.

Nor is there any indication that Special Agent Leach is simply "parroting" the

conclusions of Messrs. Brandow and Armenta.  *See Beck's Office Furniture and*

*Supplies, Inc. v. Haworth, Inc.*, 1996 WL 466673 at *7 (10th Cir. Aug. 16, 1996); *Fava*

---

[5]  Not to mention the rules of civil procedure dictating disclosure of same.  Although defendants
point out that Rule 26(a)(2)(B) requires an expert report "prepared and signed by the witness," they elide
the fact that Special Agent Leach was designated as a non-retained expert under Rule 26(a)(2)(C), and
thus was not required to submit an expert report at all.

*v. Liberty Mutual Insurance Corp.*, 2018 WL 4510255 at *4-5 (D.N.M. Sept. 20, 2018); *Stephenson*, 703 F.Supp.2d at 1255.  The Tenth Circuit's decision in *TK-7 Corp. v. Estate of Barbouti*, 993 F.2d 722 (10th Cir. 1993), on which defendants rely for this proposition, is wholly inapposite.  There, the court found an expert's opinion was improperly admitted because he was unfamiliar with the methods and reasons underlying the projections generated by another expert on whose opinion he relied. *See id*. at 732-33.  By contrast, Special Agent Leach plainly has expertise in the subjects of Messrs. Brandow and Armenta's report and thus can be expected to bring his own professional judgment to their findings and conclusions. *See Rodgers v. Beechcraft Corp.*, 2016 WL 7888002 at *8 (N.D. Okla. Oct. 27, 2016); *Ash Grove Cement Co. v. Employers Insurance of Wausau*, 246 F.R.D. 656, 661 (D. Kan. 2007).  Moreover, he personally surveyed the scene shortly after Messrs. Brandow and Armenta conducted their initial review, confirming for himself their conclusions as to the general origin area, specific origin area, and ignition area of the fire.  (**Resp. App.**, Exh. B ¶¶ 15-16 at 4.)  The ROI further makes clear that Special Agent Leach did not rely exclusively on the O&C Report, but conducted an extensive investigation over a period of several months, which undoubtedly informed his ultimate opinions and conclusions. Any shortcomings which defendants may perceive in that investigation are matters for cross-examination, not bases for wholesale exclusion of Special Agent Leach's testimony.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

7

1.  That **Defendants' <u>Unopposed</u> Motion for Leave To File Motion Pursuant to Fed. R. Evid. 702, 703, and *Daubert*** [#185], filed June 29, 2021, is granted; and

2.  That defendants' **Motion To Exclude Expert Testimony of Plaintiff's Expert Benjamin Leach Pursuant to Fed. R. Evid. 702, 703, and *Daubert*** [#186], filed June 29, 2021, is denied.

Dated November 19, 2021, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

8